IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 05-10133-01-JTM

ROSIE N. TRUJILLO ,

    Defendant.

MEMORANDUM AND ORDER

Defendant Rosie Trujillo has previously pled guilty to the crime of making a false statement. The plea was entered after the court carefully examined the defendant to determine that her plea was knowing and voluntary. She was sentenced to three years of probation on January 23, 2006.

Trujillo has filed a motion to vacate her sentence under 28 U.S.C. § 2255. The court hereby denies Trujillo's motion for two reasons. First, the motion is untimely. Trujillo filed her § 2255 motion on February 20, 2007. A motion for relief under § 2255 must be filed within one year of the date a conviction becomes final. *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997), *overruled on other gds*, *United States v. Hurst*, 322 F.3d 1256 (2003). In the present case, that date would have been February 3, 2006 — after the ten-day period in which to file an appeal had run.

Second, Trujillo's motion is denied as contrary to the plea agreement knowingly and voluntarily entered into by her. Trujillo knowingly and voluntarily entered into the agreement, which expressly waived collateral challenges to her sentence. (Plea Agreement at ¶ 9). The court entered

into a careful discussion with Trujillo at the time of the plea, exploring each element of the agreement in detail.  Trujillo knowingly and voluntarily consented to the plea agreement, including the provision waiving the right to collaterally attack her sentence.  Trujillo's motion does not raise any argument that counsel was ineffective with the negotiation of the waiver itself, *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004), but instead raises other issues, which have been effectively waived by the plea agreement.

   IT IS ACCORDINGLY ORDERED this 25th day of May, 2007 that the defendant's Motion to Vacate (Dkt. No. 29) is hereby denied.

                     s/ J. Thomas Marten
                       J. THOMAS MARTEN, JUDGE